d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LAUREN KING ET AL,                             CIVIL DOCKET NO. 1:25-CV-01312
Plaintiff

VERSUS                                                          JUDGE EDWARDS

CRYSTAL A THOMAS ET AL,          MAGISTRATE JUDGE PEREZ-MONTES
Defendants

---

REPORT AND RECOMMENDATION

Plaintiffs Lauren King, Delta Med Clinic LLC, Delta Skin Care LLC, and JDB Enterprises move to remand this action to the Seventh Judicial District Court in Catahoula Parish, Louisiana, arguing that their Petition asserts only Louisiana-law causes of action and that the references to federal statutes, regulations, and programs do not create federal-question jurisdiction. ECF No. 22 at 1–2.. Defendants oppose remand and contend that Plaintiffs' claims—including their civil conspiracy and fraud theories—depend on federal law because the Petition repeatedly invokes federal criminal statutes, HIPAA and its Privacy Rule, Medicare and Medicaid, and other federal programs and agencies. ECF No. 30 at 1–4.

The balance of jurisprudence is clear on the controlling point here: the presence of a federal statute or regulation as an element of a state law tort claim—particularly where an enforcement mechanism is absent—is not itself sufficient to preclude remand. Therefore, IT IS RECOMMENDED that Plaintiffs' Motion to Remand (ECF No. 22) be GRANTED and that this matter be REMANDED to the Ninth Judicial

1

District Court, Rapides Parish, Louisiana. IT IS FURTHER RECOMMENDED that Defendants' Motions for More Definite Statement (ECF Nos. 7, 8, 9, 17) be DENIED AS MOOT.

## I.    Background

Plaintiffs filed this lawsuit in the Seventh Judicial District Court for the Parish of Catahoula, Louisiana, on July 31, 2025. ECF No. 1 at 2. Plaintiffs—a medical clinic and its owners— seek various forms of relief against their former billing contractor and former employees for allegedly conspiring to misappropriate patient data and trade secrets, hijack the clinic's electronic billing portal, and fraudulently divert insurance claims to a secretly-formed competing entity. Plaintiffs served Defendant Crystal Thomas on August 6, 2025. ECF No. 1 at 1. Defendant Thomas filed a notice of removal to this Court on September 5, 2025, asserting federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1 at 2. The case was assigned to Judge Jerry Edwards, Jr. and referred to this Court. ECF No. 2.

On September 9, 2025, this Court issued an electronic jurisdictional review finding that subject matter jurisdiction appeared to exist under 28 U.S.C. § 1331. ECF No. 4. Defendant Thomas filed an answer on September 12, 2025. ECF No. 5. On September 15, 2025, defendant Mallorie Parham filed a motion to dismiss for failure to state a claim and a motion for more definite statement. ECF Nos. 6, 7. That same day, defendants CT Advising, L.L.C., and Louisiana Mind Body & Health, L.L.C. each filed motions for more definite statement. ECF Nos. 8, 9. Defendant

Megan Lurry was granted leave to file a motion for more definite statement on September 19, 2025. ECF Nos. 15, 16, 17.

Plaintiffs filed a motion to remand on September 24, 2025. ECF No. 22. Defendants filed a joint opposition on October 13, 2025. ECF No. 30. Plaintiffs filed a reply on October 20, 2025. ECF No. 34. On April 16, 2026, Judge Edwards denied without prejudice defendant Parham's motion to dismiss. ECF No. 35.

Plaintiff King is an Advanced Practice Registered Nurse – Certified Nurse Practitioner licensed by the Louisiana State Board of Nursing. ECF No. 1-1 at 8. King is the sole member of Delta Med Clinic, which she formed on August 4, 2020. ECF No. 1-1 at 8. Delta Med Clinic owns and operates from 1305 4th Street, Suite A, Jonesville, Louisiana. ECF No. 1-1 at 8. Delta Med Clinic provides primary health services and became a certified Rural Health Clinic on October 1, 2024. ECF No. 1-1 at 8–9.

Delta Med Spa, formed on October 31, 2023, provides medical aesthetic services from 1305 4th Street, Suite B, Jonesville. ECF No. 1-1 at 9. King formed JDB Enterprises, L.L.C. d/b/a Delta Derm on November 12, 2024, as a medical clinic focused on wound care. ECF No. 1-1 at 10.

Delta Med Clinic hired Lurry as a receptionist in August 2023 and promoted her to office manager in January 2025. ECF No. 1-1 at 10–11. Lurry's responsibilities included overseeing employees, paying bills, and credentialing providers. ECF No. 1-1 at 11. On August 1, 2024, Lurry signed a non-disclosure agreement prohibiting

disclosure of confidential information, including protected health information. ECF No. 1-1 at 11.

Parham was hired as a physician assistant in April 2024. ECF No. 1-1 at 11–12. Parham's duties included patient care and compliance with billing procedures for Medicare, Medicaid, and other payers. ECF No. 1-1 at 12. Parham also signed a non-disclosure agreement on August 1, 2024. ECF No. 1-1 at 12.

On July 23, 2024, Delta Med Clinic and CT Advising entered into a billing and collection services agreement. ECF No. 1-1 at 12–13. Crystal Thomas is the sole owner of CT Advising. ECF No. 1-1 at 12. Under the billing agreement, CT Advising was to submit claims, follow up on denials, deposit collections into Delta Med Clinic's account, and maintain records confidentially. ECF No. 1-1 at 12–13. The billing agreement also included a HIPAA business associate addendum. ECF No. 1-1 at 13.

Plaintiffs allege that Thomas formed Louisiana Mind Body & Health, L.L.C. on November 14, 2024, using Delta Med Clinic's property address—1305 4th Street, Jonesville, Louisiana 71343—as LMBH's domicile address, without authorization. ECF No. 1-1 at 14. Plaintiffs allege that Thomas, CT Advising, and LMBH submitted applications to credential King, Parham, and Dr. Patel through LMBH with Louisiana Medicaid and other payers without authorization. ECF No. 1-1 at 15–16. Plaintiffs allege that on or about May 1, 2025, Blue Cross Blue Shield Federal Employee Program sent correspondence to LMBH in response to a claim LMBH submitted for services rendered to a Delta Med Clinic patient. ECF No. 30 at 4.

Plaintiffs allege that Lurry accessed and downloaded all of Delta Med Clinic's patient demographics on April 2, 2025, then resigned at lunch that day. ECF No. 1-1 at 27. Parham resigned on April 23, 2025. ECF No. 1-1 at 27. But on April 29, 2025, LMBH allegedly posted on Facebook that it was accepting new patients and identified Parham as a provider. ECF No. 1-1 at 27–28.

On May 9, 2025, Thomas filed a petition for protection from stalking or sexual assault against King in the Ninth Judicial District Court for the Parish of Rapides. ECF No. 1-1 at 28. Plaintiffs allege the petition made salacious statements about King and was malicious and frivolous. ECF No. 1-1 at 28–29.

The state court petition asserts ten counts: (I) trade secret misappropriation, (II) fraud, (III) breach of contract, (IV) breach of fiduciary duty, (V) breach of duty of fidelity and loyalty, (VI) civil conversion and theft, (VII) Louisiana Unfair Trade Practices Act violations, (VIII) tortious interference with business relations, (IX) malicious prosecution, and (X) civil conspiracy under Louisiana Civil Code article 2324. ECF No. 1-1 at 6. Throughout the petition, plaintiffs reference the Health Insurance Portability and Accountability Act ("HIPAA"), Medicare, Medicaid, and federal criminal statutes 18 U.S.C. §§ 666, 1341, and 1343. ECF No. 30 at 4–5. But not causse of action directly relies upon federal law as its basis.

## II.     Law and Analysis

### A.     Legal Standard

Federal courts are courts of limited jurisdiction. Under 28 U.S.C. § 1441(a), a defendant may remove only a civil action of which the district courts have original

jurisdiction. The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. Any doubt as to the propriety of removal must be resolved against federal jurisdiction. "If there is "any doubt about the propriety of removal," it "must be resolved in favor of remand." *Homsi v. AssuranceAmerica Ins. Co.*, No. 2:25-CV-00867, 2025 WL 2816749, at *1 (W.D. La. Aug. 19, 2025), *report and recommendation adopted,* No. 2:25-CV-00867, 2025 WL 2884829 (W.D. La. Oct. 9, 2025) (*Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007)).

Federal district courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A federal question exists only when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008); *Bd. of Comm'rs of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 721 (5th Cir. 2017). The mere presence of a federal issue in a state-law cause of action does not automatically confer federal-question jurisdiction. *Singh*, 538 F.3d at 338.

Where state law creates the cause of action, federal-question jurisdiction exists only in a limited category of cases:

> The fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction: "*Franchise Tax Board* ... did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Likewise, "the presence of a disputed federal issue ... [is] never necessarily dispositive." *Grable &*

6

*Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Instead, "[f]ar from creating some kind of automatic test, *Franchise Tax Board* thus candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction." *Merrell Dow,* 478 U.S. at 814, 106 S.Ct. 3229.

If, however, the standard for federal question jurisdiction is no "automatic test," what sort of test is it? Although the Court's answer has at times been less than pellucid,[3] it recently summed up the requisite inquiry: "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable,* 545 U.S. at 314, 125 S.Ct. 2363. In other words, federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."

*Singh,* 538 F.3d at 338. In fact, when Congress has not created a private federal cause of action for the federal statute at issue, that circumstance counsels against finding jurisdiction based on an embedded federal issue. *See id* at 338–39; [1]

### B.   Application

This matter was removed because it allegedly presents a federal question under 28 U.S.C. § 1331. ECF No. 1. Defendants relied on the Petition's references to 18 U.S.C. §§ 666, 1341, and 1343, and asserted that Plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law. ECF No. 1 at 2. Plaintiffs then moved to remand. ECF No. 22; ECF No. 14 at 6.

---

[1] These principles apply with particular force in removed cases. If subject-matter jurisdiction is lacking, the case must be remanded. 28 U.S.C. § 1447(c); *Spivey v. Chitimacha Tribe of La.,* 79 F.4th 444, 446–48 (5th Cir. 2023); *Spivey,* 79 F.4th at 448.

In deciding that motion, the Court looks to the face of the state-court Petition attached to the Notice of Removal. See ECF No. 1-1; *Singh*, 538 F.3d at 337. On its face, the Petition does not plead any cause of action created by, or arising directly from, federal law. Rather, Plaintiffs seek relief under Louisiana law for trade-secret misappropriation, fraud, breach of contract, breach of the duty of fidelity and loyalty, conversion and theft, tortious interference with business relations, LUTPA violations, malicious prosecution, and civil conspiracy. ECF No. 1-1 at 6; ECF No. 1-2 at 23–39. Every cause of action is a Louisiana tort claim.

The factual allegations do repeatedly reference HIPAA, Medicare, Medicaid, and federal payer or credentialing systems. Plaintiffs allege, for example, that Delta Med Clinic is a covered entity under the HIPAA Privacy Rule, that Delta Med Clinic and its employees and business associates were subject to HIPAA, and that CT Advising was a business associate under HIPAA. ECF No. 1-1 at 8–13. Plaintiffs also allege unauthorized credentialing activity, misuse of clearinghouse and electronic health-record systems, and submission or diversion of claims involving Medicare, Medicaid, and private payers. ECF No. 1-1 at 15–23. But those allegations do not, on their own, create a federal cause of action.

The Petition's LUTPA allegations are central to defendants' removal theory. In that count, Plaintiffs allege that defendants' conduct violated, among other provisions, 18 U.S.C. §§ 666, 1341, and 1343, HIPAA, and Louisiana criminal statutes, and that the conduct therefore constitutes unfair or deceptive acts or practices under Louisiana law. ECF No. 1-2 at 34–37. Even so, the pleaded cause of

8

action is a LUTPA claim, and the relief sought is under Louisiana law. ECF No. 1-2 at 34, 37. The same is true of the Petition as a whole. It invokes federal laws and regulations as part of the factual narrative and as alleged benchmarks of wrongful conduct.

That, however, is not enough. A state-law claim does not arise under federal law simply because it references federal law, or because federal standards may inform whether the conduct was wrongful. *Singh*, 538 F.3d at 337–39; *see also Thomas v. Richard*, No. 6:21-CV-00982, 2022 WL 331228, at *2 (W.D. La. Feb. 3, 2022) ("[P]laintiff must show that'Congress intended to create, either expressly or by implication, a private cause of action. . . . Notably, criminal statutes do not create private causes of action that would establish federal question jurisdiction.") (internal citation and quotation omitted). The question is whether federal law creates the claim or, in the broadest iteration, whether the plaintiff's right to relief necessarily depends on resolving a substantial federal issue. *Singh*, 538 F.3d at 337–38. On the face of this Petition, neither condition is met.

Here, neither condition is met. No federal statute creates any of Plaintiffs' claims. For example, HIPAA does not create a private cause of action. *Acara v. Banks*, 470 F.3d 569, 571–72 (5th Cir. 2006). This Court has previously applied that principle in the removal context. In *Graves v. Health Express, Inc.,* the court remanded a removed case after concluding that an alleged HIPAA violation embedded in state-law breach-of-contract and tort claims did not create federal-question jurisdiction. See No. 09-0277, 2009 WL 2835778, at *2–3 (W.D. La. Aug. 31, 2009).* The Court

explained that treating such references as sufficient would improperly federalize state-law disputes that only incidentally allege violation of a federal statute. *Id.* at *3; *see also*

The same reasoning applies here. Plaintiffs allege that Delta Med Clinic is a HIPAA-covered entity, that its employees and business associates were subject to HIPAA, and that defendants misused patient information and related systems in ways Plaintiffs characterize as wrongful. ECF No. 1-1 at 8–13; ECF No. 1-2 at 35, 37. But because HIPAA provides no private cause of action, its alleged violation does not itself supply federal-question jurisdiction. *Acara*, 470 F.3d at 571–72; *Graves*, 2009 WL 2835778, at *2–3. Even if proof of conduct inconsistent with HIPAA is one component of Plaintiffs' state-law theories, that does not convert those theories into federal claims. *See Doe v. Louisiana Children's Med. Ctr.*, No. 23-30350, 2024 WL 3094598 (5th Cir. May 13, 2024) (affirming remand of Louisiana hospital privacy suit where HIPAA-related allegations did not satisfy federal-officer removal requirements and belonged in state court; *Borne v. Home Bank, N.A.*, No. CV 24-303-JWD-EWD, 2024 WL 3094598, at 2 (M.D. La. June 21, 2024)) (remanding where defendants failed to show a substantial, actually disputed federal issue embedded in plaintiff's state-law claims); *Hills v. Our Lady of the Lake Hosp., Inc.*, No. 20-192-SDD-SDJ, 2021 WL 4143932 (M.D. La. Sept. 13, 2021) (remanding and holding that references to HIPAA and other federal provisions in support of state-law claims did not transform those claims into federal ones or create federal-question jurisdiction).

Nor do the Petition's references to federal criminal statutes change the analysis. The Notice of Removal relied heavily on the Petition's allegations that Defendants conspired to violate 18 U.S.C. §§ 666, 1341, and 1343. ECF No. 1 at 2. But those statutes are not pleaded as causes of action. They appear in the LUTPA count as part of Plaintiffs' theory that defendants' conduct offended established public policy and was immoral, unethical, oppressive, or unscrupulous. ECF No. 1-2 at 34–37. That use of federal criminal statutes as alleged standards or illustrations of wrongful conduct under state law does not create federal-question jurisdiction. *See, e.g. Graves,* No. 09-0277, 2009 WL 2835778 at *2–3.*

Defendants also argue that federal jurisdiction exists because Plaintiffs' civil-conspiracy allegations depend on proving unlawful conduct defined by federal law. But that argument also falls short of supporting federal jurisdiction. The actionable element is the underlying intentional or willful act that the conspirators agreed to commit and actually committed. *Doe v. McKesson*, 71 F.4th 278, 293 (5th Cir. 2023); *Crutcher-Tufts Res., Inc. v. Tufts*, 38 So. 3d 987, 991 (La. App. 4 Cir. 2010). So the jurisdictional question remains the same: whether Plaintiffs' right to relief on their Louisiana claims necessarily depends on the resolution of a substantial federal issue. Here it does not. The Petition can be read as alleging that defendants agreed to commit state-law wrongs—fraud, conversion, unfair trade practices, breach of contractual and fiduciary obligations, and related intentional acts—even though the facts include alleged misuse of HIPAA-regulated information and federal healthcare

11

billing mechanisms. But that does not place the case in the narrow category described above.

The Court also is not persuaded by defendants' references to Medicare and Medicaid. The Petition does allege misuse of Medicaid credentialing forms, Medicare billing pathways, private-payer enrollments, and claim-routing information. ECF No. 1-1 at 15–23. But the core dispute remains one between private parties over alleged misuse of confidential information, unauthorized credentialing, diversion of receivables, interference with business operations, and unfair competition. The Petition does not seek judicial review of agency action, does not name a federal agency or officer, and does not assert a federal reimbursement claim. As pled, the federal healthcare components are part of the factual mechanism of the alleged wrongdoing, not independent claims arising under federal law.

That distinction matters. In *Tenn. Gas Pipeline*, the Fifth Circuit reiterated that only a "small and special category" of state-law cases arises under federal law. 850 F.3d at 721. And in *Gunn*, the Supreme Court emphasized that even a necessarily raised federal issue is not enough unless it is substantial in the relevant jurisdictional sense and capable of federal resolution without upsetting the federal-state balance. 568 U.S. at 258. Here, recognizing federal jurisdiction would significantly expand § 1331 by sweeping into federal court state-law business-tort, contract, and LUTPA suits whenever the alleged wrongdoing involved HIPAA-governed information, federal healthcare reimbursements, or references to federal criminal statutes. That

is precisely the sort of disruption of the federal-state balance that *Gunn, Merrell Dow, Singh*, and *Graves* caution against.

In short, the face of the Petition shows only Louisiana causes of action. The embedded references to HIPAA, Medicare, Medicaid, and federal criminal statutes do not create federal causes of action, and defendants have not shown that Plaintiffs' right to relief necessarily depends on the resolution of a substantial federal issue within the narrow meaning of *Gunn* and *Singh*. Given the absence of a private HIPAA cause of action, the persuasive reasoning of *Graves*, and the consistent post-*Graves* authority declining to find jurisdiction merely because federal standards appear within state-law theories, the removing defendants have not carried their burden. The motion to remand should be granted.

## III.    Conclusion

For the foregoing reasons;

IT IS RECOMMENDED that Plaintiffs' Motion to Remand (ECF No. 22) be GRANTED and that this matter be REMANDED to the Ninth Judicial District Court, Rapides Parish, Louisiana.

IT IS FURTHER RECOMMENDED that Defendants' Motions for More Definite Statement (ECF Nos. 7, 8, 9, 17) be DENIED AS MOOT.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, May 13, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

14